STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EUGENE MILLER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 11, 1979—Decided July 20, 1979.

Before Judges FRITZ, BISCHOFF and MORGAN.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Paul M. Klein,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for respondent (*Ms. Carol M. Henderson,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. The factual background of this appeal may by found in the written opinion of Judge Arnone denying defendant's motion for a new trial. 144 *N. J. Super.* 91. Before us defendant argues six points in addition to the one determined there. He complains that

POINT I — Prejudicial references regarding defendant's picture at police headquarters denied defendant a fair trial.

POINT II — The trial court erred in permitting victim to partially disrobe and display his wounds to the jury.

POINT III — The trial court erred in failing to conduct a hearing as to whether *Miranda* warnings were given to defendant prior to making statement to police officer at the scene of arrest.

POINT IV — It was error to admit defendant's statement into evidence as the surrounding circumstances rendered it involuntary and inadmissible.

POINT V — Nondisclosure of witness' previous indictment by prosecutor's office denied defendant due process of law.

POINT VI — The aggregate of the errors below was so prejudicial as to entitle defendant to a new trial.

POINT VII — The sentence imposed was manifestly excessive and constituted an abuse of the trial court's expression [*sic*].

None of the several issues raised causes us any concern, let alone suggests a reason for reversal. While we have come to this conclusion wholly apart from any thought of defendant's guilt, it does occur to us that this guilt is so manifest that considerable error might be tolerated before it raised a question as to whether it had a tendency to produce an unjust result. The thought is an idle one: we perceive no error and are satisfied that all the issues are clearly without merit. *R.* 2:11-3(e)(2).

We would only add that, anent Point V above, we concur with Judge Arnone in the articulate expressions of his written opinion.

Affirmed.